## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| DR. DARE ADEWUMI,<br><br>                 Plaintiff,<br>v.<br><br>WELLSTAR MEDICAL GROUP,<br>WELLSTAR HEALTH SYSTEMS,<br>INC., and NORTHSIDE HOSPITAL,<br>INC.,<br><br>                 Defendants. | CIVIL ACTION NO.:<br><br>1:21-CV-04048-CAP-JCF |

**DEFENDANTS WELLSTAR MEDICAL GROUP AND WELLSTAR HEALTH SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO SEAL CONFIDENTIAL INFORMATION PUBLICLY FILED IN, AND WITH PLAINTIFF'S COMPLAINT AND DEFENDANTS' REQUEST FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THEIR RESPONSIVE PLEADINGS**

Defendants Wellstar Medical Group ("WMG") and Wellstar Health Systems, Inc. ("WHS") (collectively "Wellstar Defendants") hereby file this Memorandum of Law in Support of their Motion to Seal Confidential Information Publicly Filed in and accompanying Plaintiff's Complaint and respectfully request that the Court enter an Order sealing from the public record confidential medical peer review information.[1]   Wellstar Defendants further request that the Court grant all

---

[1] Wellstar Defendants believe that this information may be subject to an absolute privilege as patient safety work product under the Patient Safety and Quality Improvement Act of 2005 ("PSQIA"), 42 U.S.C. §299b-21, et seq.   Wellstar

Defendants leave to file portions of their Responsive Pleadings under seal which respond directly to the confidential medical peer review information contained in the Complaint.[2]

Counsel for Wellstar Defendants conferred in good faith with Plaintiff's counsel prior to filing this instant motion and proposed a Consent Motion to Seal the confidential materials in Plaintiff's public filing, but the Parties were unable to resolve this matter without Court intervention.

## FACTUAL BACKGROUND

On September 30, 2021, Plaintiff Dr. Dare Adewumi ("Plaintiff") filed suit against Wellstar Defendants and Defendant Northside Hospital, Inc. alleging federal race discrimination claims relating to his employment as a neurosurgeon. (*See* generally Plaintiff's Complaint, Doc. 1.)

In his Complaint, Plaintiff reveals strictly confidential information that occurred during a privileged medical peer review process relating to Plaintiff's neurosurgical treatment of patients and patient safety outcomes at WMG and WHS, including a confidential third party review of Plaintiff's medical treatment. (*See* Doc

---

Defendants do not waive their right to assert any and all applicable privileges to this confidential information by filing this instant Motion to Seal.

[2] Wellstar Defendants' responsive pleading is not due until October 27, 2021. Service was effectuated on the Wellstar Defendants on October 6, 2021. Defendant Northside Hospital, Inc.'s responsive pleading is due on October 25, 2021.

1 at ¶¶ 11, 12, 13, 14, 15, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 44, 45, 46, 47, 48, & 63 ("Confidential Allegations").)

In addition to making specific allegations in the Complaint disclosing strictly confidential information, Plaintiff has attached to his Complaint a confidential document created during the medical peer review process bearing the following marks in bold and capital font: "**PERSONAL & CONFIDENTIAL PRIVILEGED & PEER REVIEW PROTECTED DOCUMENT PURSUANT TO O.C.G.A. §§ 31-7-15, 31-7-130 *et seq.*, & THE PATIENT SAFETY & QUALITY IMPROVEMENT ACT OF 2005, 42 U.S.C. §§ 299 *et seq.***" (*See* Doc. 1-1, p. 37-39 ("Confidential Attachment").)

Because good cause exists to seal this confidential information, Wellstar Defendants respectfully request that all of this information be immediately sealed from the public record.  Wellstar Defendants further request that the Court grant Defendants leave to file portions of their Responsive Pleadings under seal, which specifically respond to the confidential allegations in the Complaint.

## ARGUMENT AND CITATION TO AUTHORITY

The Eleventh Circuit has held that "[t]he common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).   Factors

considered in balancing these competing interests include, among others, the following:

> [(1)] whether allowing access would impair court functions or harm legitimate privacy interests, [(2)] the degree of and likelihood of injury if made public, [(3)] the reliability of the information, [(4)] whether there will be an opportunity to respond to the information, [(5)] whether the information concerns public officials or public concerns, and [(6)] the availability of a less onerous alternative to sealing the documents.

*Id.*

Matters pertaining to medical peer review are widely recognized as being highly confidential in nature and in some instances statutorily protected from disclosure by privilege in Georgia. *See* O.C.G.A. § 31-7-133 and 3107-143. In addition to state law, there is an absolute federal privilege that applies to the disclosure of patient safety work product such as medical peer review information created under the Patient Safety and Quality Improvement Act of 2005 ("PSQIA"), 42 U.S.C. §299b-21, *et seq. See Tinal v. Norton Healthcare, Inc.*, No. 3:11-CV-596-S, 2014 WL 12581760, at *10 (W.D. Ky. July 15, 2014) (finding that the patient safety work product privilege created under PSQIA barred production of peer review privileged documents in federal employment case because "subsections (a) and (b) of § 299b-22 clearly establishes that Congress intended patient safety work product to be privileged and confidential in **all** federal state and local civil, criminal and administrative proceedings.")"

Recognizing the need to protect such materials from disclosure in the public forum, Georgia District Courts have sealed confidential medical peer review documents and other information contained in publicly filed Complaints. *See Mawulawde v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 105-099, 2009 WL 10678751, at *4 (S.D. Ga. Mar. 27, 2009) (sealing Plaintiff's Proposed Second Amended Complaint from the public record on the grounds that the "Second Amended Complaint contains direct quotes from documents designated as peer review material and produced by the Private Defendants during the peer-review discovery period").

Sealing is particularly important at this juncture because the Wellstar Defendants in this case have not had the chance to negotiate and enter into a protective order that would maintain and protect confidential information and documents in this matter.

For these reasons, good cause exists to seal the Confidential Allegations and Confidential Attachment to Plaintiff's Complaint from the public record. On the same grounds, good cause exists to seal portions of the Defendants' Responsive Pleadings which respond to these confidential materials.

## CONCLUSION

Wellstar Defendants submit that they have shown good cause sufficient to warrant the sealing of the information outlined above. Wellstar Defendants

respectfully request that the Court enter the attached proposed Order granting this Motion to Seal Confidential Information Publicly Filed in, and with Plaintiff's Complaint and granting Defendants Leave to File Under Seal Portions of Their Responsive Pleadings as set forth in the proposed Order.  (*See* Proposed Order, attached hereto as Exhibit A.)

Respectfully submitted, this 15th day of October, 2021.

**SEYFARTH SHAW LLP**

*s/ William B. Hill, Jr.*
William B. Hill, Jr.
Georgia Bar No. 354725
wbhill@seyfarth.com
Stephanie D. Delatorre
Georgia Bar No. 970664
sdelatorre@seyfarth.com

1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Defendants Wellstar Medical Group and Wellstar Health Systems, Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to L.R. 7.1D (N.D. Ga.), Defendants Wellstar Medical Group and Wellstar Health Systems, Inc. certifies through undersigned counsel that this memorandum of law has been prepared in Times New Roman, size 14-point font, which is one of the fonts approved by L.R. 5.1C (N.D. Ga.).

*s/ William B. Hill, Jr.*
William B. Hill, Jr.

*Counsel for Defendants Wellstar Medical Group and Wellstar Health Systems, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DR. DARE ADEWUMI,

              Plaintiff,

v.

WELLSTAR MEDICAL GROUP,
WELLSTAR HEALTH SYSTEMS,
INC., and NORTHSIDE HOSPITAL,
INC.,

              Defendants.

CIVIL ACTION NO.:

1:21-CV-04048-CAP-JCF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of October, 2021, I filed the above and foregoing **DEFENDANTS WELLSTAR MEDICAL GROUP AND WELLSTAR HEALTH SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO SEAL CONFIDENTIAL INFORMATION PUBLICLY FILED IN, AND WITH PLAINTIFF'S COMPLAINT AND DEFENDANTS' REQUEST FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THEIR RESPONSIVE PLEADINGS** with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the counsel of record for Plaintiff:

Tricia (CK) Hoffler
THE CK HOFFLER FIRM
23 Lenox Pointe, N.E.
Atlanta, Georgia 30324

I also certify that on this 15th day of October, 2021, I served the foregoing by

First-Class U.S. Mail upon the following counsel of record for Plaintiff:

Michael H. Sussman
SUSSMAN & ASSOCIATES
P.O. Box 1005
Goshen, NY 10924

I further certify that on this 15th day of October, 2021, I served the foregoing

by First-Class U.S. Mail upon the registered agent for Defendant Northside Hospital,

Inc., who has not formally appeared in this matter:

Northside Hospital, Inc.
c/o Registered Agent
Susan Sommers
980 Johnson Ferry Road, Suite 70
Atlanta, GA 30342

*s/ William B. Hill, Jr.*
William B. Hill, Jr.

*Counsel for Defendants Wellstar Medical
Group and Wellstar Health Systems, Inc.*