IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. DARE ADEWUMI, | : |
| | : |
|    Plaintiff, | : |
| | :   CIVIL ACTION FILE |
| v. | : |
| | :   NO. 1:21-CV-04048-CAP-JCF |
| WELLSTAR MEDICAL GROUP | : |
| and WELLSTAR HEALTH SYSTEMS, | : |
| INC. & NORTHSIDE HOSPITAL, INC., | : |
| | : |
|    Defendants. | : |

**DEFENDANT NORTHSIDE HOSPITAL, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS[1]**

COMES NOW Defendant Northside Hospital, Inc. ("Defendant" or "this Defendant") and hereby files its memorandum of law in support of its motion to dismiss all of plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), and shows the Court as follows:

## I.   INTRODUCTION

Plaintiff filed the instant lawsuit against Wellstar Medical Group, Wellstar Health Systems, and this Defendant alleging race discrimination under 42 U.S.C. 1981("Section 1981") and Title VII of the Civil Rights Act ("Title VII") on

---

[1] This is to certify that this document has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(B).

September 30, 2021 [Dkt. 1]. Defendant hereby moves to dismiss the Complaint on the grounds that as to Title VII, this Court does not have subject matter under Fed. R. Civ. P. 12(b)(1) and failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) in that plaintiff: failed to satisfy the administrative remedies prerequisites; he was not an employee; and failed to state a claim for race discrimination. The Section 1981 claim should also be dismissed because it too fails to state a claim for race discrimination.

## II.  STATEMENT OF FACTS

In his factual allegations, plaintiff contends that his family is from Nigeria and he attended schools in the United States. (Compl. ¶¶ 5-7). As to this Defendant, he contends that in July 2020, he accepted a "six-month Locums Tenens contract" with this Defendant who refused to offer him available full-time employment despite his satisfactory performance and activities he had undertaken and offered it to a Caucasian. (Compl. ¶¶ 54, 56-63). Further, he contends that "Defendants' actions" caused him injury and violated Section 1981 and Title VII. (Compl. ¶¶ 65-66, 70-71).

Plaintiff was an independent contractor, was never engaged in an employment relationship with this Defendant, and this Defendant was never his employer. (Exhibit A, "Locums Choice Agreement" or "Agreement"). Specifically, this

Defendant refers to the Agreement entered into between this Defendant and Locums Choice, LLC ("Locums Choice"), through which Locums Choice agreed to provide healthcare workers/providers such as plaintiff, to perform professional medical services at Defendant. (Ex. A). Paragraph 6 of the Agreement specifically states that "provider is not an employee of" Defendant and "will be providing services as an Independent Contractor." (Ex. A, ¶ 6). It further states that "[p]rovider will make all medical decisions and be responsible for his/her own actions" and "has the right to control or redirect the practice of medicine." (Ex. A, ¶ 6). Under the "Placement, Term, and Cancellation" provision of the Agreement, which sets out the terms for cancelation between Defendant and Locums Choice, "[if] [Defendant)] offers a temporary or permanent position to provider, [Defendant] must immediately notify Locums Choice." (Ex. A, ¶ 5). No other provision addresses an offer of a position to a provider. (Ex. A).

Pursuant to the Agreement, Locums Choice assigned plaintiff as a "provider" for locums coverage at Defendant for six-months beginning June 2020. (Exhibit B, Locums Choice Client Confirmation; Compl. ¶ 54). While a copy of plaintiff's employment agreement with WellStar was attached to the Complaint, no documents relating to an employment relationship or "six-month Locums Tenens contract" with this Defendant, or reflecting termination of same, were attached to the Complaint.

Likewise, no documents reflecting the filing of an EEOC charge or receipt of a notice of rights to sue as to this Defendant were attached or referenced in the Complaint.

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A. Standard for Motion to Dismiss

The United States Supreme Court explained the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2008) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). While the standard does not require detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Labels, conclusions, formulaic recitations of the elements, and "naked" assertions are insufficient. *Id.* Therefore, to avoid a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 547. A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility differs from probability, "but it asks for more than a sheer probability that a defendant has acted unlawfully." *Id*. If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.  "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

"Additionally, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) 'may assert a facial attack' to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction.'" *Kinlocke v. Shulkin*, 2018 U.S. Dist. LEXIS 240151 at * 8 (N.D. Ga. March 19, 2018) (citing *D'Angelo v. United States*, 2008 U.S. Dist. LEXIS 56537 * 1 (S.D. Fla. July 24, 2008)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations in the complaint as true." *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand 'challenges the existence of the subject-matter jurisdiction based on matters outside the pleadings.'" *Id.* (citing *Johnson v. Hairston*, 2007 U.S. Dist. LEXIS 16706 at * 3 (M.D. Ala. March 8, 2007)); *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002). "'No such presumption of truth exists in a factual attack, and the [C]ourt may hear conflicting evidence and decide issues that determine jurisdiction.'" *Kinlocke,* 2018 U.S. Dist. LEXIS at * 8-9. In essence, the court "has authority to look beyond the pleadings and weigh the evidence to satisfy itself as to the existence of its power to hear the case." *Id.* at * 9.

### B. The Title VII claim should be dismissed because plaintiff failed to satisfy administrative remedies.

The Title VII claim against this Defendant should be dismissed based on lack of subject matter jurisdiction and failure to state a claim because plaintiff did not plead or satisfy that all conditions precedent to the institution of the lawsuit against this Defendant have been fulfilled pursuant to Fed. R. Civ. P. 9(c). A plaintiff seeking to file a claim under Title VII must first exhaust administrative remedies, beginning by filing a timely charge of discrimination with the EEOC before filing a Title VII claim in court. *Fort Bend Cty., Tx. v. Davis*, 139 S.Ct. 1843, 1851 (2019); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001); 42 U.S. C. § 2000e-5(e)(1). Title VII requires that within ninety days after receipt of notice of dismissal of the charge, a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved. 42 U.S. C. § 2000e-5(f)(1). Failing to exhaust administrative remedies is a failure to satisfy a condition precedent to filing a Title VII claim. *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 170 (5th Cir. 2014).

Here, plaintiff failed to plead that as to this Defendant, he had filed an EEOC charge of discrimination or had received a notice of rights to sue. Nor did he attach a copy of the charge or notice of rights to the Complaint indicating his receipt of

same or that the lawsuit was brought within 90 days after his receipt of the notice of rights. As such, the Title VII claim is procedurally barred and due to be dismissed.

### C. The Title VII should be dismissed because plaintiff was not an employee.

This Court does not have subject matter jurisdiction over the Title VII claim because plaintiff was an independent contractor, and this Defendant was not his employer or joint employer. *Scarfo v. Ginsberg*, 175 F.3d 957, 971 (11th Cir. 2002) (holding that whether the defendant acted as a "single employer" within the definition of Title VII was a threshold jurisdictional issue). Title VII states that, "[i]t shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,…" 42 U.S.C. § 2000e-2(a)(1). A Title VII …claim can only be brought by an employee against his employer." *Peppers v. Cobb Cty. Georgia*, 835 F.3d 1289, 1297 (11th Cir. 2016). In essence, the basic premise of a Title VII case is that the plaintiff had an employment relationship with the defendant. *Id*. The Eleventh Circuit has explained that the existence of an employment relationship turns on the question of "who (or which entity) is in control of the fundamental aspects of the employment relationship that gave rise to the claim." *Id*. (citing *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1345

(11th Cir. 1999)). Courts consider the "totality of the employment relationship." *Peppers*, 835 F.3d at 1297 (citing *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995)). Specifically: "(1) how much control the alleged employer asserted on the employee, and (2) whether the alleged employer had the power to hire, fire, or modify the terms and conditions to the employee's employment." *Id*. (citing *Welch*, 57 F.3d at 1011).

In the joint employer context, courts examine the alleged employer's control over: "(1) the means and manner of the plaintiff's work performance; (2) the terms, conditions, or privileges of the plaintiff's employment; and (3) the plaintiff's compensation." *Kaiser v. Trofholz Techs., Inc.*, 935 F.Supp. 2d 1286, 1293 (M.D. Ala. 2013). "[T]he focal point of the inquiry is not which entity controlled the specific aspect of the relationship giving rise to a discrimination claim, but rather which entity or entities controlled the fundamental and essential aspects of the employment relationship when taken as a whole." *Peppers*, 835 F.3d at 1301. However, protection against discrimination afforded by Title VII is only extended to employment relationships, not independent contractors. *Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 338 (11th Cir. 1982).

Here, the Complaint implies that plaintiff was in an employment relationship with this Defendant and that this Defendant was his employer and conveniently

omits any details of the "locum tenens contract" referenced therein, which is of significance in determining the identify of plaintiff's employer or whether he was in an employment relationship with this Defendant for purposes of performing the "contract" as asserted. Under Rules 12(b)(1) and (6), the Complaint fails to plead enough facts to show that this Defendant was plaintiff's employer, that plaintiff had a plausible employment relationship with this Defendant, or that this Defendant and Locums Choice through which plaintiff had engaged with to provide services to this Defendant were joint employers in an integrated enterprise leading to plaintiff providing services at Defendant. The Complaint fails to allege facts to support an interrelationship between this Defendant and Locums Choice or plaintiff and this Defendant (other than that this Defendant refused to offer plaintiff available full-time employment or references to a non-existent employment with this Defendant), such as would support that this Defendant was an "employer."

The Complaint does not plead that there existed an employer-employee relationship between plaintiff and this Defendant beyond mere assertions that "during his employment, Plaintiff took on leadership roles" or other assertions to infer an existing employment relationship with this Defendant. *See Craighead v. Austal USA, LLC*, 2017 U.S. Dist. LEXIS 210891 (S.D. Ala. 2017); *Chames v. Calhoun Cty. Comm'n*, 2021 U.S. Dist. LEXIS 72130 (N.D. Ala. April 14, 2021).

Moreover, the assertions that mention plaintiff's "employment" supposedly with Defendant (*See* Compl. ¶¶ 54, 55, 58-62, 71) belies plaintiff's own assertion that he was not offered "full-time employment" by Defendant which in and of itself emphasizes that plaintiff could not have been an employee of this Defendant and questions the existence of an employer-employee relationship with this Defendant at the time of the complained of conduct. *See Maeder v. Tom Bush Auto-Plex, Inc.*, 2015 U.S. Dist. LEXIS 34994 M.D. Fla. March 20, 2015) (dismissing a claim under Title VII where the complaint undercut any contention that the plaintiffs were in or seeking an employment relationship with the defendants). Further, the Agreement specifically stated that plaintiff was an "independent contractor" and not an employee of this Defendant and that as a provider, plaintiff would make all medical decisions, be responsible for his own actions, and had the right to control or redirect the practice of medicine. (Ex. A, ¶ 6).

In addition, the assertions that plaintiff took on leadership roles above those expected or asked of him (without specifics as to what was expected or asked of him and by whom, or whether it was part of his responsibilities); worked to mend damages relationships between departments (without details as to what "damages", the nature of the relationship between the departments, whether the work in question was part of his responsibilities, or who asked or engaged him to do so); attended

trauma committee meetings to help the hospital maintain its trauma designation (without specifics as to whether it was part of his responsibilities, or who asked him to do so); and took more calls than other similarly hired physicians (without specifics as to who controlled his call schedule, whether he had input in taking calls, or was required to take on "more calls" than others) all appear to be of plaintiff's own choosing and were not pled as part of the responsibilities plaintiff was required to perform as a provider under the Agreement. Certainly, nothing in the Agreement provides such a requirement by Plaintiff. (Ex. A.). These allegations and conclusory statements are simply insufficient to state a Title VII claim against this Defendant as an 'employer'.

**D. The Complaint does not state a plausible Title VII race claim.**

Even if this Defendant was considered an 'employer' for purposes of Title VII, the Complaint fails to include sufficient facts to plausibly suggest that this Defendant discriminated against plaintiff because of his race in violation of Title VII. *Charles v. Underhill Staffing Health Serv.*, 2021 U.S. Dist. LEXIS 42332 * 57 (M.D. Fla. January 28, 2021) (allegations that plaintiff was a woman, was qualified to work as a certified home health aide, that employer terminated her, and that employer replaced her with a man are insufficient); *Uppal v. Hosp. Corp.*, 482 F.App'x 394, 396 (11th Cir. 2012). Specifically, the assertion in paragraph 71 that this Defendant

violated Title VII by subjecting plaintiff to disparate terms and conditions of employment on the basis of his race/color and by terminating his employment on the same illegal basis is a conclusory allegation that Defendant acted discriminatorily. *Mondy v. Boulee*, 805 F. App'x 939, 942 (11th Cir. 2020). Also, the factual assertions that plaintiff's family is from Nigeria, went to schools in the United States, was refused full time employment, and a Caucasian was offered an available full-time position without more details are insufficient. *Uppal*, 482 F. App'x at 396. That "Plaintiff's family is from Nigeria" is insufficient to plausibly suggest that Defendant discriminated against plaintiff on the basis of his race in violation of Title VII. *Id*.

### E. The Complaint fails to state a claim under 42 U.S.C. § 1981.

42 U.S.C. § 1981 prohibits intentional discrimination "in private employment on the basis of race." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975); *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006). It allows all persons within the jurisdiction of the United States the same right to make and enforce contracts, which includes "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(b). However, to state a claim under Section 1981, a plaintiff must allege facts which indicate that: (1) plaintiff is a member of a racial minority; (2) defendant intended to discriminate

against plaintiff; and (3) the discrimination concerned one or more of the activities enumerated in Section 1981, including contracts. *See Gonta v. Nations*, 2021 WL 2905424 (N.D. Fla. June 15, 2021); *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171-72 (11th Cir. 2016). "Any claim brought under § 1981…must initially identify an impaired 'contractual relationship'… under which the plaintiff has rights." *Id*.

Here, the Complaint contains legal conclusions that should be disregarded. *Iqbal*, 556 U.S. at 679 (the court should identify and disregard legal conclusions). This includes paragraphs 4, 65, 66 and 71 as to Defendant. *Id*. at 680-81 (holding an allegation that the defendant "knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race and/or national origin for no legitimate penological interest" was a "bare assertion" amounting to nothing more than formulaic recitation of elements of discrimination claim). At a minimum, the Complaint fails to allege sufficient facts to state a plausible claim for discrimination as it fails to plead "factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. Regarding the first element, considering the factual assertions in the Complaint, asserting that his family is from Nigeria is not sufficient to support that

plaintiff is a member of a racial minority for purposes of Section 1981. *St. Francis Coll. V. Al-Khazraji*, 481 U.S. 604, 613 (1987) (holding that plaintiff may make out a case under § 1981 if he can show that he was subjected to intentional discrimination based on his race, "rather than solely on the place or nation of his origin"); *Tipple v. Spacelabs Med., Inc.*, 180 Fed. Appx. 51, 56 (11th Cir. 2006) ("By its very terms, § 1981 applies to claims of discrimination based on race, not national origin.")

As to the second element, "in order to avoid dismissal, a plaintiff's complaint must provide enough factual matter (taken as true) to suggest intentional… discrimination." *Gonta*, 2021 WL 2905424 *6 (citing *Castillo v. Allegro Resort Mktg.*, 603 F.App'x 913, 917 (11th Cir. 2015)). Here, the Complaint asserts that Defendant intentionally and wantonly violated plaintiff's right to engage in a contract on the basis of his race. However, as factual support, other than allege that his family is from Nigeria and that Defendant offered an available full time position to a Caucasian, who "worked as a Locums Tenens, but lacked Plaintiff's practice experience and demonstrated competency," plaintiff did not allege any other facts which indicate that Defendant's action was motivated by his race (which he did not specifically identify), or that his race played any part in Defendant's decision not to offer him a full-time position. At best, the Complaint leaves room for speculation that the reason plaintiff was not offered a full-time position may or may not have

been racially motivated. *Kidd v. Jasper*, 2018 U.S. Dist. LEXIS 96650 (N.D. Ala. June 8, 2018); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250 (11th Cir. 2004).

Regarding the third element, which requires that the discrimination concerned certain activities enumerated under § 1981, plaintiff appears to be alleging that the discrimination concerned his ability to enter into "prospective" full-time employment with Defendant because of his race. However, he fails to sufficiently allege that Defendant's alleged refusal to offer him full-time employment was motivated by race discrimination. The assertion that an available full-time position was offered to a Caucasian instead of plaintiff is a conclusory allegation of animus of the race of another individual stated in order to allege racially discriminatory animus by Defendant and, therefore, insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. It is certainly insufficient to show that, but for his race, Defendant would have offered plaintiff full-time employment.

Asserting that he took on leadership roles and performed functions above what was expected of him, worked on relationships between departments, and attended trauma meetings are merely conclusory and do not indicate that a prospective contractual employment relationship with Defendant would have been created

through performance of these tasks which appear to be of plaintiff's own choosing. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (Section 1981 requires that plaintiff be the one who "has or would have rights under the existing or proposed contractual relationship."). Nor does the assertion that Defendant's refusal to contract with plaintiff despite his "fully satisfactory performance during his six-month contract" implicate the existence of a proposed full-time contractual employment relationship with Defendant, considering that nothing in the terms of the Agreement requires plaintiff's full satisfactory performance of provider services as a condition precedent to consideration of full-time employment. *Id*. (Ex. A). Nothing in the Agreement requires that in addition to full satisfactory performance of services, to be considered for full-time employment, a provider is also required to request consideration for an available position. Per the Agreement, a proposed temporary or permanent employment relationship with Defendant exists *only if* Defendant makes an offer to the provider. (Ex. A). Therefore, these assertions do not identify a proposed contractual relationship which afforded plaintiff rights and should be disregarded as insufficient to state a claim.

The assertion regarding Defendant's refusal to contract with plaintiff despite his "fully satisfactorily performance during his six-month contract" and termination of employment actually implicates the existence of a contract and breach thereof by

Defendant. However, as discussed above, other than the Agreement, no such contract existed between plaintiff and Defendant. The Complaint fails to identify what contractual provision Defendant so breached, what required services plaintiff satisfactorily performed under said contract or when performed to support that Defendant refused to contract with plaintiff. *Courtesy Props., LLC v. S&ME, Inc.*, 2020 U.S. Dist. LEXIS 242927 at *15 (N.D. Ga. Dec. 28, 2020) (holding that under Georgia law, a breach of contract claim cannot survive a motion to dismiss if the plaintiff "has not alleged any general or specific provision of any contract that defendant might have breached.") (citing *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). These vague allegations do not meet the pleading standard. As such, the Section 1981 claim should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, this Defendant respectfully requests that this Court GRANT its Motion to Dismiss plaintiff's Title VII and Section 1981 claims.

**(SIGNATURES APPEAR ON THE FOLLOWING PAGES)**

Respectfully submitted this 22nd day of October, 2021.

                                         SCRUDDER, BASS, QUILLIAN,
                                         HORLOCK, LAZARUS & ADELE LLP

                                         */s/ Chiaka U. Adele*
                                         Chiaka U. Adele
                                         Georgia Bar No. 005111
                                         Andrew S. Bullock
                                         Georgia Bar No. 858696
                                         *Attorneys for Defendant Northside Hospital, Inc.*

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia 30339
 (770) 612-9200
 (770) 612-9201 (facsimile)
cadele@scrudderbass.com
abullock@scrudderbass.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically served through CM/ECF and U.S. mail the foregoing **DEFENDANT NORTHSIDE HOSPITAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** upon all parties to this matter through their counsel as follows:

Tricia (CK) Hoffler, Esq.
The CK Hoffler Firm
23 Lenox Pointe, N.E.
Atlanta, Georgia 30324

Michael H. Sussman, Esq.
Sussman & Associates
P.O. Box 1005
Goshen, New York 10924

William B. Hill, Jr., Esq.
Stephanie D. Delatorre, Esq.
Seyfarth Shaw LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309

This 22nd day of October, 2021.

                                                */s/ Chiaka U. Adele*
                                                Chiaka U. Adele