**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DR. DARE ADEWUMI,<br><br>    Plaintiff,<br>v.<br><br>WELLSTAR MEDICAL GROUP,<br>WELLSTAR HEALTH SYSTEMS,<br>INC., and NORTHSIDE HOSPITAL,<br>INC.,<br><br>    Defendants. | CIVIL ACTION NO.:<br><br>1:21-CV-04048-CAP-JCF |

**DEFENDANTS WELLSTAR MEDICAL GROUP, LLC,**
**WELLSTAR HEALTH SYSTEM, INC., AND NORTHSIDE HOSPITAL,**
**INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO STAY DISCOVERY**

Defendants Wellstar Medical Group, LLC ("WMG"), Wellstar Health System, Inc. ("WHS"), and Northside Hospital, Inc. ("Northside") (collectively the "Defendants"), pursuant to Fed. R. Civ. P. 26 and Local Rule 26, hereby file this Memorandum of Law in Support of their Motion to Stay Discovery, including pre-discovery deadlines for engaging in the Rule 26(f) early planning conference, submitting the Joint Report and Discovery Plan, and serving Initial Disclosures, pending final resolution of Defendants' currently pending Motions to Dismiss Plaintiff's Complaint (Doc. 15 and Doc. 19).

## I.   PROCEDURAL HISTORY

Plaintiff filed the instant action against Northside, WMG, and WHS on September 30, 2021 asserting claims of race discrimination under Title VII and Section 1981.  (Doc. 1.)

On October 22, 2021, Northside moved to dismiss Plaintiff's Complaint in its entirety against Northside for failure to state a claim under Title VII and Section 1981. (Doc. 15.)  On October 27, 2021, WMG and WHS separately moved to dismiss Plaintiff's Complaint because it is an improper "shotgun pleading" and fails to state a claim under Title VII and/or Section 1981. (Doc. 19.)

Plaintiff submitted responses in opposition to these Motions to Dismiss on November 5, 2021 (Doc. 22)  and November 12, 2021 (Doc. 23) respectively, but the Motions to Dismiss have not been fully briefed or submitted to the Court because the Reply Briefs are not due until November 19, 2021 and November 26, 2021.

In light of the pending Motions to Dismiss, on Wednesday, November 10, 2021, counsel for WMG and WHS emailed Plaintiff's counsel and asked if Plaintiff would consent to Defendants' Motion to Stay Discovery pending resolution of Defendants' Motion to Dismiss, but Plaintiff's counsel did not respond.  (*See* November 10, 2021 Email, attached hereto as Exhibit A.)

To date, discovery has not commenced. *See* Local Rule 26.2(A). Defendants' Motions to Dismiss are dispositive of all claims brought by Plaintiff against the Defendants in this case and there is no need for any discovery until after the Court rules on the Motions to Dismiss. For these reasons, Defendants respectfully request that the Court enter an order staying all pre-discovery deadlines in this matter. A proposed order is attached for the Court's convenience.

## II.     LEGAL ARGUMENT

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Joseph v. Barclays Bank Delaware*, No. 1:16-CV-00029-AT-RGV, 2016 WL 8202737, at *1 (N.D. Ga. Dec. 12, 2016) (Vineyard, M.J.). District Courts generally consider the following factors when deciding whether to grant a stay: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set. *Joseph*, 2016 WL 8202737, at *1 (citing *Collegiate Licensing Co. v. Am. Cas. Co. Of Reading, Pa.*, 842 F. Supp. 2d 1360, 1369 (N.D. Ga. 2012)).

Here, all factors support staying the pre-discovery deadlines in this case. A stay would not unduly prejudice or present any tactical advantage in this matter.

Discovery has not opened against any party and a trial date has not been set in this case.

A stay will also help simplify the issues in the case and prevent the expenditure of unnecessary expenses because the current pending Motions to Dismiss are dispositive of all of Plaintiff's claims.  Indeed, Plaintiff has already narrowed the claims Plaintiff seeks to assert against Northside.  In his Response in Opposition to Northside's Motion to Dismiss, Plaintiff dismissed his Title VII claim against Northside.  (*See* Doc. 22, "Plaintiff does not assert any claim arising under Title VII against Defendant Northside); *see also* Doc. 1, ¶ 71 ("defendants violated Title VII of the Civil Rights Act by subjecting plaintiff to disparate terms and conditions of employment on the basis of his race/color and by terminating his employment on the same illegal bases").  For all of these reasons, Defendants respectfully request a stay of all discovery deadlines.

If Defendants' Motions to Dismiss Plaintiff's Complaint are not granted in their entirety, Defendants respectfully request that the Court set the following deadlines with respect to the Rule 26(f) conference, submission of the Joint Preliminary Report and Discovery Plan, and Initial Disclosures as follows:

- Rule 26(f) conference within fourteen (14) days after Defendants' Answers are filed;

- Joint Preliminary Report and Discovery Plan within thirty (30) days after Defendants' Answers are filed;

- Initial Disclosures within thirty (30) days after Defendants' Answers are filed.

## III.   CONCLUSION

Based on the foregoing, Northside, WMG, and WHS respectfully request that the Court grant this Motion and stay discovery and pre-discovery deadlines in this matter pending final resolution of Northside, WMG, and WHS's currently pending Motions to Dismiss Plaintiff's Complaint.

Respectfully submitted, this 19th day of November, 2021.

**SEYFARTH SHAW LLP**

*s/ William B. Hill, Jr.*
William B. Hill, Jr.
Georgia Bar No. 354725
wbhill@seyfarth.com
Stephanie D. Delatorre
Georgia Bar No. 970664
sdelatorre@seyfarth.com

1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

77141666v.2

**SCRUDDER, BASS, QUILLIAN, HORLOCK, TAYLOR, LAZARUS & ADELE LLP**

_s/ Chiaka Adele (signed with express permission)_
Chiaka U. Adele
cadele@scrudderbass.com

900 Circle 75 Pkwy Suite 850
Atlanta, GA 30339
Telephone:  (770) 612-9200
Facsimile: (770) 612-9201

_Counsel for Northside Hospital, Inc._

6

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

Pursuant to L.R. 7.1D (N.D. Ga.), Defendants Wellstar Medical Group, LLC and Wellstar Health System, Inc. certify through undersigned counsel that this memorandum of law has been prepared in Times New Roman, size 14-point font, which is one of the fonts approved by L.R. 5.1C (N.D. Ga.).

<u>*s/ William B. Hill, Jr.*</u>
William B. Hill, Jr.

*Counsel for Defendants Wellstar Medical Group, LLC and Wellstar Health System, Inc.*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DR. DARE ADEWUMI,

        Plaintiff,

v.

WELLSTAR MEDICAL GROUP,
WELLSTAR HEALTH SYSTEMS,
INC., and NORTHSIDE HOSPITAL,
INC.,

        Defendants.

CIVIL ACTION NO.:

1:21-CV-04048-CAP-JCF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of November, 2021, I filed the above and foregoing **DEFENDANTS WELLSTAR MEDICAL GROUP, LLC AND WELLSTAR HEALTH SYSTEM, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to all counsel of record:

| | |
|---|---|
| Tricia (CK) Hoffler | Michael H. Sussman |
| THE CK HOFFLER FIRM | SUSSMAN & ASSOCIATES |
| 23 Lenox Pointe, N.E. | P.O. Box 1005 |
| Atlanta, Georgia 30324 | Goshen, NY 10924 |

Andrew S. Bullock
Scrudder, Bass, Quillian, Horlock,
Taylor, Lazarus, & Adele LLP
900 Circle 75 Pkwy Suite 850
Atlanta, GA 30339

Chiaka U. Adele
Scrudder, Bass, Quillian, Horlock,
Taylor,  Lazarus, & Adele LLP
900 Circle 75 Pkwy Suite 850
Atlanta, GA 30339

*s/ William B. Hill, Jr.*
William B. Hill, Jr.

*Counsel for Defendants Wellstar Medical
Group, LLC and Wellstar Health System,
Inc.*