IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. DARE ADEWUMI, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. 1:21-CV-04048-CAP-JCF |
| WELLSTAR MEDICAL GROUP and WELLSTAR HEALTH SYSTEMS, INC. & NORTHSIDE HOSPITAL, INC., | |
| Defendants. | |

**DEFENDANT NORTHSIDE HOSPITAL, INC.'S
REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS[1]**

COMES NOW Defendant Northside Hospital, Inc. ("Defendant" or "this Defendant") and hereby files its reply brief in support of its motion to dismiss plaintiff's Complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), and shows the Court as follows:

**A. The Title VII claim against this Defendant is subject to dismissal.**

In his response brief, plaintiff states that he "does not assert any claim arising under Title VII against Defendant Northside and will not address arguments against

---

[1] This is to certify that this document has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1.

- 1 -

that non-existent claim[2]." Considering that plaintiff has unequivocally abandoned his Title VII claim against this Defendant, which is *specifically alleged in the Complaint*, (*See* Compl., ¶ 71), this Defendant respectfully requests that this Court grant its motion to dismiss the Title VII claim against it in its entirety. *Adams v. Unum Life Ins. Co. of Am.*, 508 F. Supp. 2d 1302, 1318 (N.D. Ga. 2007) (plaintiff's failure to respond to a defendant's arguments on a particular claim constitutes abandonment of that claim); *See* L.R. 7.1(B), NDGA (failure to respond to a motion indicates lack of opposition); *Hopper v. City of Montgomery*, 482 F. Supp. 2d. 1330, 1334 (M.D. Ala. 2007) (dismissing claims as abandoned where the plaintiff failed to respond to the defendants' arguments concerning the dismissal of those claims) (citation omitted).

### B. The Section 1981 claim is also due to be dismissed because the Complaint fails to allege sufficient facts to state a claim for race discrimination.

1. Plaintiff has failed to assert that he is a member of a racial minority.

As the Supreme Court in *Ashcroft* noted under Fed. R. Civ. P. 8, a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders *naked assertions devoid of further factual enhancement.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008)

---

[2] Doc. 22-1, page 3, last sentence of "Statement of Relevant Facts."

(emphasis added). The allegations in the Complaint which are directed at this Defendant are exactly that – bare assertions lacking the necessary factual enhancements required to state a Section 1981 claim. Like Rule 8, Fed. R. Civ. P 12(b)(6) also requires that the factual allegations that are asserted in the Complaint must be "plausible" and "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As a point of clarification, plaintiff's contention that this Defendant had suggested that "he is from Nigeria" is incorrect. First, nowhere in the Complaint is there a specific factual assertion that Plaintiff himself is from Nigeria. Rather, as this Defendant specifically argued in its memorandum of law in support of this motion[3], the Complaint alleges that "plaintiff's *family is from Nigeria*" which alone is insufficient to support that plaintiff (not his family) is a member of racial minority under Section 1981. Plaintiff's family, distant or otherwise, may be from Nigeria, but that in and of itself does not qualify plaintiff for the type of protection envisioned under Section 1981. It certainly tells nothing about plaintiff's race short of guesswork and speculation which has no place in this forum.

---

[3] See Doc. 15-1

Plaintiff argues that his assertion that he is of "dark skin" color should suffice to support his Section 1981 race claim. However, such "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability [also] fall short of being facially plausible.").

Moreover, the assertion as to his "dark skin" color is contained in plaintiff's identification of the "Parties" to this lawsuit. (*See* Compl., ¶ 1). Plaintiff clearly outlined what his specific "Factual Allegations" were (See Compl., ¶¶ 5-66), but the assertion that he is of "dark skin" color is not contained anywhere in those set of facts. Plaintiff "may not rely on any language that incorporates by reference the preceding paragraphs of the complaint because that would be 'shotgun pleading,' which prevents the Court and Defendant from being able to ascertain which factual allegations support which claims." *Bahrami v. Maxie Price Chevrolet-Oldsmobile, Inc.*, 2014 U.S. Dist. LEXIS 187980, at * 3 (N.D. Ga. Aug. 1, 2014) (citing *Wagner v. Horizon Pharm, Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.")). *Id.* (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1130-32 (11th Cir. 2001) ("Shotgun pleadings 'wreak havoc on the

judicial system' by failing to properly narrow the issues to meritorious claims and defenses and limit the scope of discovery and will not be permitted)); *Fitzpatrick v. Koch Foods of Ala., LLC*, 2021 U.S. Dist. LEXIS 102522 (Jun. 1, 2021).

The "Factual Allegations" in the Complaint contain no reference whatsoever to what plaintiff's might be race. "[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678. Although for purposes of a motion to dismiss courts must take all the factual allegations in the complaint as true, this Court is not bound to accept as true a legal conclusion couched as a factual allegation or conclusory statements for that matter as is the case here. *Id*. In essence, plaintiff's race was not sufficiently pled in the factual allegations to plausibly give rise to entitlement to relief under Section 1981.

Even if assertions outside the factual allegations are considered in determining whether plaintiff has established that he is a member of a racial minority, the pigmentation, complexion, hue, shade, or tone of plaintiff's skin or his otherwise physiologic appearance does not tie him to an ethnic group or minority race to warrant Section 1981 protection. Regardless, while plaintiff identifies himself as

"dark skinned", he frames the issue on which he complains as "race," not color discrimination.

In addition, it is blatantly clear that while the assertions in the Complaint may have been intended to state a "race" claim, the assertions that plaintiff is an "African doctor," that his "family is from Nigeria," and that he "attended schools in the United States," is more in support of a claim for discrimination based solely on plaintiff's national origin. However, discrimination on the basis of national origin is not actionable under Section 1981. *Tippie v. Spacelabs Med., Inc.*, 180 F.App'x 51, 56 (11th Cir. 2006) ("by its very terms, § 1981 applies to claims of discrimination based on race, not national origin"); *Bullard v. OMI Georgia, Inc.*, 640 F.2d 632, 634 (5th Cir. 1981) ("The Supreme Court has stated in dicta that section 1981 relates primarily to racial claims… and this circuit has also stated that section 1981 does not encompass discrimination based solely on national origin" (citing *Olivares v. Martin*, 555 F.2d 1192, 1196 (5th Cir. 1997)). This is not a case where race and national origin overlap as plaintiff has not pled that he was born in Nigeria, is from Nigeria, is a member of a racial minority, or that he was discriminated against on the basis of his ethnicity or ancestry. *Mahram v. HCA-EmCare Holdings, LLC*, 2018 U.S. Dist. LEXIS 161003 *6 (S.D. Fla. Sept. 18, 2018) (hospital's motion to dismiss granted for plaintiff's failure to plead that he is a member of racial minority and

discriminated against because of his race because the factual allegations reflect that he "was born in Iran" and "immigrated to the United States" but the complaint makes no reference of plaintiff being a member of a racial minority). Therefore, plaintiff has not pled sufficient facts to support a cognizable claim under Section 1981.

> 2. Plaintiff cannot show that race was a "but-for" cause of the denial of a full-time position.

As to the second element, plaintiff is asking this Court to make a wide leap and conclude that he has stated a claim for race discrimination simply based on the fact that because he is of "dark skin" in addition to "his family" being from Nigeria, he was denied a position in favor of a Caucasian physician. These are bare assertions which amount to nothing more than a formulaic recitation of the elements of a *could be* Section 1981 race discrimination claim but falls short of stating with particularity, all the elements of such a claim.

In other words, alleging that a Caucasian was offered an available full-time position over plaintiff because of his "dark skin" color and his family's national origin may get the Complaint close to stating a claim under Section 1981; but, "without some further factual enhancement of *purposeful* and unlawful discrimination, it stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557. Plaintiff is espousing that this Court should automatically conclude that this Defendant purposefully discriminated

against him because of his African national origin by offering an available full-time position to a Caucasian doctor who allegedly "lacked plaintiff's practice experience and demonstrated competency" despite plaintiff's own "superior qualifications and proven record of performance." (Compl., ¶ 62).

This is in spite of plaintiff's own assertion that there were other "*available vacant positions* within his specialty even though he did not describe all the specific available vacant positions within his specialty, including the one he was allegedly denied, whether the other available vacant positions were full-time, part-time, temporary or permanent, whether other candidates were considered for, or denied, those available vacant positions and their races, or when he specifically requested and was denied a particular available vacant position out of all the other available vacant positions within his specialty. (Compl., ¶ 57). Plaintiff's assertions are clearly conclusory, unwarranted deductions of facts or legal conclusions of purposeful discrimination masquerading as facts. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004).

Further, the Complaint does not contain any factual assertions of the "superior qualifications" that plaintiff supposedly possesses, what "practice experience" the Caucasian doctor had that showed he was lacking when compared to plaintiff,

whether the Caucasian doctor was subject to the same locum tenens contract as plaintiff, or whether they were both engaged in the same type of work.

Likewise, the assertions that plaintiff took on more leadership roles and performed functions above those expected or asked of him; that he worked to mend damages relationships between the Neurosurgery and Radiology Departments; that he attended trauma meetings; and that he took on more call and was repeatedly asked to back up physicians, (*See* Compl., ¶¶ 57-61) are all conclusory and insufficient support of plaintiff's alleged "proven record of performance" particularly considering that he was an independent contractor and, therefore, not in any type of employment relationship with this Defendant. As such, plaintiff could not have allegedly undertaken those acts "during his employment." In essence, these conclusory allegations standing alone, or even combined, are insufficient to state a claim that this Defendant *intentionally* discriminated against plaintiff on the basis of his race without more. Plaintiff "would need to allege more by way of factual content to 'nudg[e]' his claim of [intentional] discrimination 'across the line from conceivable to plausible' race discrimination." *Ashcroft*, U.S. at 887 (citing *Twombly*, 550 U.S. at 570).

Plaintiff incorrectly argued that the Complaint states that he was "known to its decision-makers"[4] as no such assertion is contained in the Complaint. Regardless, he failed to identify the so-called decision-makers involved in the denial of a full-time position and there is nothing to plausibly suggest the discriminatory state of mind of these decision-makers, or that they could bind this Defendant under any theory of liability for failing to offer plaintiff an available full-time position because of his race. *Ashcroft*, 556 U.S. at 887. Even if such an assertion were stated in, or implied from the Compliant, such an assertion is the type of conclusory allegation that "would not survive a motion to dismiss for failure to state a claim." *Fitzpatrick*, 2021 U.S. Dist. LEXIS, at * 10 (citing *Seibert v. Comm'r, Ga. Dep't of Corr.*, 680 F. App'x 837, 840 (11th Cir. 2017) (stating that an allegation that defendants transferred plaintiff as retaliation, and did not include any facts, but only conclusions about defendants' responsibility, was too conclusory to state a claim.)). In other words, plaintiff cannot show "that race was the but-for cause," rather than a presumptive motivating factor behind the denial of a full-time position in favor of a Caucasian as alleged in the Complaint. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S.Ct. 1009, 1014 (2020).

---

[4] Doc. 22-1, page 7, second paragraph.

> 3. <u>Plaintiff has not sufficiently alleged that there was a "prospective" employment contract in which he had rights, and was denied those rights.</u>

Even if the Complaint gives rise to a plausible inference that plaintiff's race was the result of unconstitutional discrimination in the denial a full-time position, that inference by itself is not sufficient to state a Section 1981 claim without proof of an identifiable "prospective" employment contract which plaintiff had rights to, and which rights were denied because of his race.

Plaintiff's statements that the Complaint avers that he sought a "permanent" position in his response brief and was denied a contract for an "open permanent position,"[5] are inaccurate. The Complaint specifically asserts that plaintiff sought, and that Defendant denied him, *an* available "full-time" position without details as to whether the position in question was temporary or permanent, any specifics about all the other available "vacant positions within his specialty" of which he had requested *an* available position, or whether there were other available "vacant positions within his specialty" that were *still* available at that time he was denied *an* available vacant position in favor of a Caucasian doctor. (Compl., ¶¶ 56-57, 62). Essentially, considering the availability of other vacant positions as pled in the

---

[5] Doc. 22-1, page 6, second paragraph; page 7, second and third paragraph.

Complaint, plaintiff has not established that he was denied rights in entering into a "prospective" employment contract with this Defendant. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("[Section] 1981 applies both when racial discrimination blocks the creation of a contractual relationship,… *so long as* the plaintiff has or would have rights under the … proposed contractual relationship.").

Moreover, plaintiff does not deny that he was an independent contractor and was never in an employment relationship with this Defendant as incorrectly alleged in the Complaint. (Compl., ¶¶54, 55, 57-61). This is particularly important because what plaintiff has alleged in the Complaint is that the reason, he had existing rights in a "prospective" full-time employment contract with this Defendant, which he was denied, is because he was in an existing six-month employment relationship with this Defendant and he had fully satisfactorily performed all his obligations during that six-month relationship, including all activities enumerated in paragraphs 57 to 61 of the Complaint. In other words, even though plaintiff now argues differently in his response brief, based on the allegations in the Complaint, he premised his right to a "prospective" full-time employment with this Defendant upon an *existing* employment relationship with this Defendant.

Since there was no such employment relationship between plaintiff and this Defendant, plaintiff could not, therefore, have had any rights in a "prospective"

contractual relationship with this Defendant. Plaintiff's independent contractor status clearly did not implicate the existence of a "prospective" full-time position with this Defendant and certainly, there is no provision in the Locum Choice Agreement of which plaintiff was not a party to, that created a right to a "prospective" contract.

### C. Conclusion

Accordingly, based on the foregoing reasons and those articulated in this Defendant's Memorandum of Law in Support of its Motion to Dismiss, this Defendant respectfully requests that this Court GRANT its Motion to Dismiss both plaintiff's Title VII and Section 1981 claims.

Respectfully submitted this 19th day of November, 2021.

                                      SCRUDDER, BASS, QUILLIAN,
                                    HORLOCK, LAZARUS & ADELE LLP

                                    */s/ Chiaka U. Adele*
                                    Chiaka U. Adele
                                    Georgia Bar No. 005111
                                    Andrew S. Bullock
                                    Georgia Bar No. 858696
                                    *Attorneys for Defendant Northside Hospital, Inc.*

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia 30339
(770) 612-9200
(770) 612-9201 (facsimile)
cadele@scrudderbass.com
abullock@scrudderbass.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served through CM/ECF and U.S. mail the foregoing **DEFENDANT NORTHSIDE HOSPITAL, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS** upon all parties to this matter through their counsel as follows:

Tricia (CK) Hoffler, Esq.
The CK Hoffler Firm
23 Lenox Pointe, N.E.
Atlanta, Georgia 30324

Michael H. Sussman, Esq.
Sussman & Associates
P.O. Box 1005
Goshen, New York 10924

William B. Hill, Jr., Esq.
Stephanie D. Delatorre, Esq.
Seyfarth Shaw LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309

This 19th day of November, 2021.

*/s/ Chiaka U. Adele*
Chiaka U. Adele